## Fleck v. Johnson et al.

Before Evans, P. J., Patterson and Carnahan, JJ.

*Frank K. Willmann*, for insurance carrier.

*Oscar T. Taylor*, for petitioner-defendant; *Charles H. Young*, for plaintiff.

CARNAHAN, J., Jan. 4, 1929.—In the petition presented, these facts are in substance set forth:

On Dec. 15, 1925, an action of trespass was brought in this court at No. 2836, January Term, 1926, by Marie Fleck, a minor, by her next friend and father, John Fleck, and John Fleck in his own behalf, against J. T. Johnson, also known as J. Thomas Johnson. This action is still pending.

On Jan. 12, 1926, an employee's claim for compensation for disability was presented to the Workmen's Compensation Board of Pennsylvania, Claim Petition No. 25101, by Marie Fleck against J. T. Johnson. This claim was proceeded with to final decision and award of compensation.

Marie Fleck was an employee of J. T. Johnson at the time stated in said action and in said claim.

The Globe Indemnity Company was the insurance carrier of J. T. Johnson, defendant, under the Workmen's Compensation Act of 1915, as amended.

On said claim a hearing was had before a referee, at which appearances of attorneys were as follows, to wit: Charles H. Young, for claimant; F. K. Willmann, counsel for defendant, representing Globe Indemnity Company; and Oscar T. Taylor, counsel for defendant, representing J. T. Johnson.

In noting his appearance as aforesaid, Mr. Willmann stated as follows: "The Globe Indemnity Company, an insurance carrier, appears by counsel, Frank Willmann, for the purpose of protecting any interest which it has, or which its assured legally has, under its policy of insurance, and for no other purpose."

Prior to the time of said hearing, the Globe Indemnity Company, by its claim superintendent, had given notice to the defendant that it would refuse

to act in his behalf under the insurance policy, and by reason thereof defendant had employed Oscar T. Taylor to act as his attorney.

The referee awarded compensation to the claimant, who took no appeal from his decision as referee, nor did the defendant take any appeal.

Thereafter, and without authority of J. T. Johnson, defendant, the Globe Indemnity Company, did appeal from the said decision of the referee to the Workmen's Compensation Board. On Feb. 18, 1927, the findings and conclusions of the referee were affirmed by the Workmen's Compensation Board after hearing, and the appeal of the Globe Indemnity Company was dismissed.

On Feb. 23, 1927, the Globe Indemnity Company, insurance carrier, took an appeal from the decision of the Workmen's Compensation Board to the Court of Common Pleas of Allegheny County, in which said J. T. Johnson was named as defendant with said indemnity company as taking said appeal.

The said J. T. Johnson did not authorize the taking of said appeal, nor did he have any knowledge that such an appeal had been taken.

On May 24, 1927, the Court of Common Pleas made an order sustaining the exceptions filed to the decision of the Workmen's Compensation Board, and vacating and setting aside the award of said board allowing the compensation to Marie Fleck.

After learning of the order of this court in said appeal, counsel for J. T. Johnson made efforts to reach an agreement with counsel for Marie Fleck, and from time to time it appeared as though an agreement might be reached, but the petitioner is now informed and believes that it will be impossible to reach an agreement on account of objection on the part of the parents of said Marie Fleck.

Upon the presentation of the foregoing petition, a rule was entered to show cause why said order of this court setting aside the award of the Workmen's Compensation Board should not be vacated and the appeal from the decision of said board dismissed.

To this petition an answer was filed by the Globe Indemnity Company, denying that it had refused to act on behalf of and to protect the defendant under the insurance policy issued to him, and averring that it is informed and believes that the defendant Johnson employed counsel to protect his interests, which were not insured under any policy issued by the Globe Indemnity Company. The answer further sets forth that the insurance company, upon investigation, found that the injured employee, at the time of her injury, was illegally employed, and for that reason could not be considered an employee within the meaning of the Workmen's Compensation Act. The insurance company, however, did appear before the referee, pursuant to the terms of the policy of insurance, for the purpose of protecting its own interests as well as those of the defendant; and the referee having found against the defendant, the insurance company, pursuant to the terms of the policy, appealed to the Workmen's Compensation Board and from its decision to the Court of Common Pleas of Allegheny County.

A copy of the insurance policy is filed with the answer, from which it appears that the insurance company agreed with its employer, Johnson, *inter alia:* "To defend in the name and on behalf of its employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

It was because of this provision in the policy that the insurance company undertook to represent the defendant before the referee, the Workman's Compensation Board and the Common Pleas Court of this county.

The referee in the proceeding before him, after full hearing, found this fact:

"Fifth. We find that the claimant was legally employed at the time of her employment, and that the work she was to perform under her certificate of employment was legal work for one of her age, but that the work of operating the printing press, being a power-driven machine, was not legal employment for one of her age, but that her work on the printing press was known to the defendant and she was suffered and permitted to work on this machine by the defendant."

The claimant was, therefore, awarded compensation, and neither she nor the defendant appealed from that decision.

The Globe Indemnity Company, however, not admitting any liability on its part, but in fact denying all liability under the insurance policy because of illegal employment, did take an appeal to the Workmen's Compensation Board and from it to the Court of Common Pleas of this county. It considered that, under the terms of the very policy itself, it was bound to do so, not only for its own protection but for the protection of its employer, the defendant.

The petitioner claims that the insurance company had no sufficient interest to entitle it to take the appeal to this court, or even the appeal to the Workmen's Compensation Board, because it, on the facts as stated, was not liable under its policy. The petitioner further claims that the action of the insurance company was prejudicial to his interests; that he was satisfied with the award, and, further, that the claimant herself was satisfied with it. The claimant and the defendant have not made any specific agreement to abide by the decision of the referee or the Workmen's Compensation Board, or the decision of this court on the claim under the Workmen's Compensation Acts, as amended. But the defendant claims that the failure to appeal shows their consent, and that because of the decision of this court dismissing the whole proceeding, the opportunity for effecting an agreement upon the claim as presented has been lost. His hope was that such an agreement could be made, notwithstanding the fact, as set forth in his petition, that the parents of Marie Fleck have refused to enter into such an agreement. The defendant, therefore, because of the failure to give notice to him of the appeal to this court, and because he claims that the Globe Indemnity Company had no right to take the appeal, because it was not an interested party, now wants the judgment of this court vacated and set aside and the appeal of the insurance company dismissed. If this court should vacate the order which it has heretofore made and dismiss said appeal, the defendant would then have an opportunity to further proceed with his efforts to bring about an agreement between the parties, who he claims are the only ones interested.

The judgment of this court on the appeal was entirely proper and should not be disturbed. Under the terms of the policy, the insurance company was bound to protect itself and the interests of its employer, and by taking the appeal which the policy gave it the right to do, it succeeded in setting aside the award of the Workmen's Compensation Board in favor of the claimant and against the defendant.

There is nothing in the record, in our judgment, which brings this case within the decision of the court in Delaney v. Philadelphia Coal and Iron Co., 272 Pa. 578.

*Order.*—And now, to wit, Jan. 4, 1929, rule discharged.

From William J. Aiken, Pittsburgh, Pa.